UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEROME MCKINLEY                                             CIVIL ACTION

versus                                                      No.  06-0044

SANDERSON FARMS, INC., *et al.*                             SECTION: I/4

ORDER AND REASONS

Before the Court is the motion to dismiss filed by defendant, Sanderson Farms, Inc. ("Sanderson Farms").[1]  Defendant argues that plaintiff, Jerome McKinley, did not timely request service of process and, therefore, his complaint should be dismissed.  For the following reasons, defendant's motion is **GRANTED**.

*BACKGROUND*

Plaintiff, a citizen of Louisiana, filed this action on January 3, 2005, in the 21st Judicial District Court for the Parish of Tangipahoa, Louisiana.  Plaintiff sued "Sanderson Farms, Inc., and/or its subsidiary referred to as Processing Division," as well as an unnamed insurance company.[2]  Defendant is a Mississippi corporation with its principal place of business in Mississippi.[3]  Plaintiff was employed by Sanderson Farms, Inc. (Processing Division) ("the

---

[1]Rec. Doc. No. 2.

[2]Rec. Doc. No. 4, Pl.'s Ex. I, p. 1.

[3]Rec. Doc. No. 1, p. 3.

1

Processing Division").[4]  Counsel for defendant represented to the Court that the Processing Division is a Mississippi corporation separate from Sanderson Farms, with its principal place of business in Mississippi.[5]

Plaintiff's complaint initially requested that the state clerk of court withhold service.[6]  On March 3, 2005, plaintiff submitted a handwritten note to the clerk of court asking, "Please serve Defendant through registered agent for service of process at address in article II of original petition."[7]  Article II of the original petition, however, did not name defendant's registered agent and only stated that this agent had a service address "on St. Charles Avenue in New Orleans, Louisiana."[8]  Defendant states that the clerk of court did not act on this request.[9]

On March 4, 2005, plaintiff faxed another request to the state clerk of court, this time requesting service of process on Louis Y. Fishman, Esq., the registered agent for Sanderson Farms, Inc. (Production Division) ("the Production Division").[10]  The request included Mr. Fishman's entire address.[11]  The Production Division, however, is not a named defendant, and it is a separate corporation from Sanderson Farms and the Processing Division.  Defendant states

---

[4]Rec. Doc. No. 2, Def.'s Ex. A, p. 3.

[5]Rec. Doc. No. 9, Def.'s Ex. B, p. 2.

[6]Rec. Doc. No. 4, Pl.'s Ex. I, p. 2.

[7]Rec. Doc. No. 4, Pl.'s Ex. I, p. 6.

[8]Rec. Doc. No. 4, Pl.'s Ex. I, p. 1.

[9]Rec. Doc. No. 9, p. 2.

[10]Rec. Doc. No. 4, Pl.'s Ex. I, p. 8.

[11]*See* http://www.sos.louisiana.gov/cgibin?rqstyp=crpdtlC&rqsdta=33520480F (last visited Apr. 4, 2006).

that the clerk of court did not act on this request either and that Sanderson Farms actually has no registered agent in Louisiana.[12]

Plaintiff made a third request for service of process on November 18, 2005, and a summons was issued for defendant though Mr. Fishman.  Mr. Fishman received process for defendant; however, defendant claims that Mr. Fishman is not its registered agent.[13]

On January 5, 2006, defendant removed the case to federal court, reserving its objections to personal jurisdiction and the propriety of service of process.[14]  Defendant alleges in its removal petition that this Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Defendant filed the instant motion on January 12, 2006, and plaintiff's opposition was filed on February 7, 2006.[15]

### LAW AND ANALYSIS

The state law pursuant to which service was made governs this Court's determination of the sufficiency of service made prior to removal.  *See Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972) ("[T]he district court must look to state law to ascertain whether service was properly made prior to removal . . . ."); *see also Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001) (applying Illinois law mandating dismissal due

---

[12]Rec. Doc. No. 9, p. 2.

[13]Rec. Doc. No. 9, p. 3.

[14]Rec. Doc. No. 1, p. 2.

[15]Plaintiff's opposition includes a request that the Court grant plaintiff "the right to seek an award of damages and attorneys fees in connection with Defendants [sic] attempts to dismiss the action on false and erroneous claims which were asserted in this action without just or probable cause."  Rec. Doc. No. 4, p. 2.  Because the Court finds defendant's motion meritorious, the Court does not address plaintiff's request.

to lack of diligence in effecting service of process); *Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998) (applying South Dakota law); *see generally* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 3d. § 1082 (West 2002 & Supp. 2003).

Louisiana Code of Civil Procedure article 1201 requires that service of process be requested on a defendant within 90 days of filing the petition. If the petition is not timely served, the action must be involuntarily dismissed without prejudice unless good cause is shown why service could not have been timely requested. La. Code Civ. P. art 1672(C). The Louisiana Supreme Court has held, however, that "[t]he requirement that service upon defendant be requested within the 90-day period should reasonably be read to require an accurate request of service upon the proper agent for defendant." *Barnett v. La. State Univ. Med. Center-Shreveport*, 841 So. 2d 725, 726 (La. 2003); *see also Pylant v. Jefferson Parish*, 907 So. 2d 807, 809 (La. App. 5th Cir. 2005) (following *Barnett*)*; Thomas v. La. Dep't of Pub. Safety & Corr.*, 848 So. 2d 635, 639 (La. App. 1st Cir. 2003) (citing *Barnett* and finding "the request for service of process upon the wrong agent for service of process . . . was not a valid and effective request") (internal quotation omitted). "[M]ere confusion regarding a party's correct name or inadvertence in requesting service on the part of the plaintiff's counsel is not a sufficient basis for good cause." *Norbert v. Loucks*, 791 So. 2d 1283, 1285 (La. 2001) (citing *Patterson v. Jefferson Davis Parish Sch. Bd.*, 773 So. 2d 297 (La. App. 3d Cir. 2000) and *Lewis v. Spence*, 772 So.2d 354 (La. App. 3d Cir. 2000)).

In conference, plaintiff admitted that--with the knowledge that Sanderson Farms and the Processing Division are separate corporations--he has no viable claim against Sanderson Farms. Because of this admission and the failure of plaintiff to properly request service on defendant,

Sanderson Farms should be dismissed.

The Processing Division, plaintiff's intended target, is not yet a party to this action by virtue of plaintiff's failed service requests. The Processing Division has, as of this date, never been served. Any challenges the Processing Division may have to the propriety of plaintiff's service are not before this Court.

The only request for service that may have been proper was the March 4, 2005, request that plaintiff made on the Production Division.[16] It is unclear what claims, if any, plaintiff may have against that corporation. The Production Division is not a party to this action, though, and the Court offers no opinion as to the propriety of service with regard to that entity.[17]

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** and plaintiff's action is dismissed **without prejudice**.

New Orleans, Louisiana, March _____6th_____, 2006.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[16]As discussed *supra*, and according to defendant, the state clerk of court never acted on this request for service.

[17]Defendant's memorandum also argues that this Court lacks personal jurisdiction over defendant. Defendant correctly notes that "[w]hen a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994); *see also Kelso v. Lyford Cay Members Club*, No. 04-11512, 2006 U.S. App. LEXIS 979, *4 (5th Cir. 2006). Plaintiff offers no argument or evidence to suggest that personal jurisdiction is proper in this case; this omission provides an alternative basis to support dismissal of plaintiff's case.